FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* NOVEMBER 18, 2025 *
BROOKLYN OFFICE

MEF:ANR/GB
F. #2025R00355

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

HECTOR BERMUDEZ,
        also known as "Fiasco," "Rogue,"
        and "Diablo,"
DAVID BRILHANTE,
        also known as "Knight" and
        "CS:GO,"
ZACHARY DOSCH,
        also known as "Moist Nigerian,"
CAMDEN RODRIGUEZ
        also known as "oHare" and
        "carroteater,"
RUMALDO VALDEZ,
        also known as "Duck," and
        ███████████████

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____ 25-CR-361 _____
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
2251(a), 2251(e), 2252(a)(2),
2252(a)(4)(b), 2252(b)(1), 2252(b)(2),
2252A(g), 2253(a), 2253(b), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

**Judge Pamela K. Chen**
**Magistrate Judge Seth D. Eichenholtz**

**25mj4991**

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.    Greggy's Cult (hereinafter "Greggy's Cult" or the "Enterprise"), was an Internet-based group that operated in or about and between 2019 and 2021 throughout the United States, including in the Eastern District of New York.  Members of Greggy's Cult exploited minor victims by, among other things, inducing them to produce child pornography.

2.      The defendants HECTOR BERMUDEZ, also known as "Fiasco,"
"Rogue," and "Diablo," DAVID BRILHANTE, also known as "Knight" and "CS:GO,"
ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as
"oHare" and "carroteater," RUMALDO VALDEZ, also known as "Duck," ██████████
████████████████████████████ were members of the Enterprise.

3.      The Enterprise operated on a series of related Discord servers (collectively
the "Target Server").   Discord was a communications platform that primarily provides two types
of spaces: servers and messages.   Discord servers are "digital spaces," similar to an online
chatroom.   The servers are made up of what Discord calls "channels," which are individual text-
based or voice and video-based chat groups.   The Target Server contained several channels,
certain of which were locked so that only Greggy's Cult members were authorized to access
them.

4.      On the Target Server, members of the Enterprise trafficked child
pornography, as defined in Title 18, United States Code, Section 2256(8)(A), sexually exploited
minors and communicated interstate threats, including towards both minor and adult victims.
For example, the defendants and other members of the Enterprise convened on the Target Server
and then directed minor victims, who had joined a video call on either Discord or another video
conferencing platform, to engage in sexually explicit or other degrading conduct.   The
defendants and other members of the Enterprise captured images from the live visual depictions
(i.e. "screenshots" or "screen recordings") of the sexually explicit conduct and shared it on other
channels on the Target Server, to other Discord servers and amongst themselves.

5.      In addition to the production of child pornography, members of Greggy's
Cult also engaged in other forms of exploitation and harassment of both minor and adult victims.

2

The defendants coerced, induced, and directed these victims to engage in acts of degradation, including self-harm, and to create videos begging for forgiveness or professing the victim is "owned" by a member of Greggy's Cult to demonstrate loyalty to the Greggy's Cult member or group.   Additionally, the defendants caused victims to write the names of Greggy's Cult members on their bodies or on a handwritten sign, which activity is referred to by members of the Enterprise as "fansigning."

<u>Purpose of the Enterprise</u>

6.      The purposes of the Enterprise included the following:

a.      To produce, advertise, receive, distribute, possess, and access with intent to view, child pornography;

b.      To engage in exploitation and harassment of individuals online for the enjoyment of members of the Enterprise, including through the use of intimidation, threats of public shaming and damage to property, and extortion;

c.      To place adult and minor victims in fear of the Enterprise and its members; and

d.      To conceal the activities of the Enterprise from law enforcement.

<u>Means and Methods of the Enterprise</u>

7.      Among the means and methods by which members of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.      Members of the Enterprise created, maintained, and controlled access to the Target Server, including channels where they trafficked child pornography and transmitted or directed livestreamed videos of minors engaged in sexually explicit conduct;

3

b.      Members of the Enterprise worked together and individually for the benefit of the Enterprise to find and recruit minor victims on Discord servers or online gaming platforms to join the Target Server;

c.      Members of the Enterprise employed, used, persuaded, induced, enticed, and coerced minor victims to transmit live visual depictions of themselves engaged in sexually explicit conduct, including masturbation, for example, members of the Enterprise directed minor victims to insert foreign objects into their genitals or anus; sadistic or masochistic abuse; and the lascivious exhibition of the genitals, pubic area and anus of the minor victims;

d.      Members of the Enterprise actively participated in the livestreams of child pornography in which they would instruct the minor victims to perform specific sexual and non-sexual acts;

e.      Members of the Enterprise shared child pornography produced during these live events on the Target Server and amongst the Enterprise members, including by contemporaneously sharing access to the live visual depictions, and by sharing screenshots;

f.      Members of the Enterprise gained access to another Discord server and spammed that server with child pornography of one of the Enterprise's victims;

g.      Members of the Enterprise persuaded and coerced minor victims to engage in non-sexual degrading acts, including directing an adult victim to eat a piece of the victim's own hair, on live video calls, in recorded videos, and in pictures, which members of the Enterprise saved and circulated on the Target Server and to the Enterprise members;

h.      Members of the Enterprise used the child pornography, memorialization of the degrading acts, disruption of a minor victim's computer, and other information about the minor victims, including but not limited to the minor victim's true identity

4

and that of their families, to force minor victims to comply with their demands, and to harass the minor victims;

        i.        Members of the Enterprise threatened to share and did share the child pornography and other sensitive material obtained from the minor victims with people known to the minor victims and the public;

        j.        Members of the Enterprise threatened to take other steps to harass victims by, among other things, "swatting" them (i.e., making a false report to law enforcement to dispatch an emergency response team or law enforcement to the victim's location) or "doxing" them (i.e., publishing the victim's private information online);

        k.        Members of the Enterprise created and obtained images of child pornography and other sensitive images of minor victims for various purposes, including to distribute the images to other Discord servers, coerce minor victims to comply with their demands, frame adult victims for criminal conduct, and accuse adult victims of being pedophiles;

        l.        Members of the Enterprise encouraged minors to harm themselves and others, at times urged minors to abuse their siblings and to kill themselves, including encouraging a minor victim to overdose on medication or hang himself/herself from a ceiling fan; and

        m.        Members of the Enterprise exploited minor victims' vulnerabilities, such as mental health challenges and family circumstances.

<u>COUNT ONE</u>
(Child Exploitation Enterprise)

        8.        The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9.     In or about and between January 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," DAVID BRILHANTE, also known as "Knight," ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," RUMALDO VALDEZ, also known as "Duck," and ██████████████████████ together with others, engaged in a child exploitation enterprise, in that the defendants violated Chapter 110 of Title 18 of the United States Code, as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and committed those offenses in concert with three or more persons.   The felony violations committed by the defendants in concert with one another and others include, but are not limited to, the following:

## Violation One
(Sexual Exploitation – Minor Victim 1)

10.     On or about January 1, 2020, within the District of New Mexico, BRILHANTE and DOSCH employed, used, persuaded, induced, enticed, and coerced a minor, to wit: Minor Victim 1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and

6

transmitted using a means and facility of interstate and foreign commerce and in and affecting

interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

Violation Two
(Distribution of Child Pornography – Minor Victim 1)

11.     On or about January 1, 2020, within the District of New Mexico, DOSCH,

together with others, did knowingly and intentionally distribute one or more visual depictions, to

wit: the live transmission of Minor Victim 1 engaged in sexually explicit conduct, using one or

more means and facilities of interstate and foreign commerce, and which visual depictions had

been mailed, and had been shipped and transported in and affecting interstate and foreign

commerce, and which contained materials which had been mailed and so shipped and

transported, by any means, including by computer, the production of such visual depictions

having involved the use of one or more minors engaging in sexually explicit conduct, and such

visual depictions having been of such conduct in violation of Title 18, United States Code,

Sections 2252(a)(2) and 2.

Violation Three
(Access With Intent to View Child Pornography – Minor Victim 1)

12.     On or about January 1, 2020, within the Southern District of California,

BRILHANTE, together with others, did knowingly and intentionally access with intent to view

matter which contained one or more visual depictions, to wit: the live transmission of Minor

Victim 1 engaged in sexually explicit conduct, that had been mailed, and had been shipped and

transported using one or more means and facilities of interstate and foreign commerce and in and

affecting interstate and foreign commerce, and which were produced using materials which had

been mailed and so shipped and transported, by any means, including by computer, the

production of such visual depictions having involved the use of one or more minors engaging in

7

sexually explicit conduct, and such visual depictions having been of such conduct, in violation of

Title 18, United States Code, Sections 2252(a)(4)(B) and 2.

Violation Four
(Sexual Exploitation – Minor Victim 2)

13.     On or about and between January 28, 2020 and January 30, 2020, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

BRILHANTE and DOSCH employed, used, persuaded, induced, enticed, and coerced a minor,

to wit: Minor Victim 2, an individual whose identity is known to the Grand Jury, to engage in

sexually explicit conduct for the purpose of producing one or more visual depictions of such

conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and

having reason to know that such visual depictions would be transported and transmitted using

any means and facility of interstate and foreign commerce and in and affecting interstate and

foreign commerce, which visual depictions were produced and transmitted using materials that

had been mailed, shipped and transported in and affecting interstate and foreign commerce by

any means, including by computer, and which visual depictions were actually transported and

transmitted using a means and facility of interstate and foreign commerce and in and affecting

interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

Violation Five
(Distribution of Child Pornography – Minor Victim 2)

14.     On or about and between January 28, 2020 and January 2, 2021, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

DOSCH did knowingly and intentionally distribute one or more visual depictions, to wit: the live

transmission of Minor Victim 2 engaged in sexually explicit conduct and images produced from

such live transmissions, using one or more means and facilities of interstate and foreign

commerce, and which visual depictions had been mailed, and had been shipped and transported

8

in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

Violation Six
(Access With Intent to View Child Pornography – Minor Victim 2)

15.    On or about and between January 28, 2020 and January 2, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, BERMUDEZ, RODRIGUEZ, VALDEZ, and ▇▇▇▇ together with others, did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: the live transmission of Minor Victim 2 engaged in sexually explicit conduct and images produced from such live transmissions, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2.

Violation Seven
(Sexual Exploitation – Minor Victim 3)

16.    On or about September 6, 2020, within the Eastern District of New York and elsewhere, BERMUDEZ, DOSCH, VALDEZ, and ▇▇▇▇ together with others, employed, used, persuaded, induced, enticed, and coerced a minor, to wit: Minor Victim 3, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose

9

of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2.

### Violation Eight
(Access With Intent to View Child Pornography – Minor Victim 3)

17.     On or about September 6, 2020, within the Eastern District of New York and elsewhere, BERMUDEZ, DOSCH, VALDEZ, and ▮▮▮▮▮ together with others, did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: the live transmission of Minor Victim 3 engaged in sexually explicit conduct, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2.

<u>Violation Nine</u>
(Sexual Exploitation – Minor Victim 4)

18.    On or about and between October 23, 2020 and December 2, 2020, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

BERMUDEZ, DOSCH, RODRIGUEZ, VALDEZ, and ▊▊▊▊ together with others, employed,

used, persuaded, induced, enticed, and coerced a minor, to wit: Minor Victim 4, an individual

whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose

of producing one or more visual depictions of such conduct and for the purpose of transmitting a

live visual depiction of such conduct, knowing and having reason to know that such visual

depictions would be transported and transmitted using any means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce, which visual depictions

were produced and transmitted using materials that had been mailed, shipped and transported in

and affecting interstate and foreign commerce by any means, including by computer, and which

visual depictions were actually transported and transmitted using a means and facility of

interstate and foreign commerce and in and affecting interstate and foreign commerce, in

violation of Title 18, United States Code, Sections 2251(a) and 2.

<u>Violation Ten</u>
(Distribution of Child Pornography – Minor Victim 4)

19.    On or about and between October 23, 2020 and December 2, 2020, both

dates being approximate and inclusive, within the District of New Mexico, DOSCH, VALDEZ,

and ▊▊▊▊ together with others, did knowingly and intentionally distribute one or more visual

depictions, to wit: images produced from the live transmission of Minor Victim 4 engaged in

sexually explicit conduct, using one or more means and facilities of interstate and foreign

commerce, and which visual depictions had been mailed, and had been shipped and transported

in and affecting interstate and foreign commerce, and which contained materials which had been

mailed and so shipped and transported, by any means, including by computer, the production of

such visual depictions having involved the use of one or more minors engaging in sexually

explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18,

United States Code, Sections 2252(a)(2) and 2.

Violation Eleven
(Access with Intent to View Child Pornography – Minor Victim 4)

20.    On or about and between October 23, 2020 and December 2, 2020, both

dates being approximate and inclusive, within the Eastern District of New York, BERMUDEZ,

DOSCH, RODRIGUEZ, VALDEZ, and ▮▮▮▮▮ together with others, did knowingly and

intentionally access with intent to view matter which contained one or more visual depictions, to

wit: the live transmission of Minor Victim 4 engaged in sexually explicit conduct, that had been

mailed, and had been shipped and transported using one or more means and facilities of interstate

and foreign commerce and in and affecting interstate and foreign commerce, and which were

produced using materials which had been mailed and so shipped and transported, by any means,

including by computer, the production of such visual depictions having involved the use of one

or more minors engaging in sexually explicit conduct, and such visual depictions having been of

such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2.

Violation Twelve
(Sexual Exploitation – Minor Victim 5)

21.    On or about November 1, 2020, within the Eastern District of New York

and elsewhere, DOSCH and VALDEZ, together with others, did employ, use, persuade, induce,

entice, and coerce a minor, to wit: Minor Victim 5, to engage in sexually explicit conduct, and

knowingly and intentionally attempt to do so, for the purpose of producing one or more visual

depictions of such conduct and for the purpose of transmitting a live visual depiction of such

conduct, knowing and having reason to know that such visual depictions would be transported

12

and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a), 2251(e) and 2.

Violation Thirteen
(Distribution of Child Pornography – Minor Victim 5)

22.    On or about November 1, 2020, within the District of New Mexico and elsewhere, DOSCH did knowingly and intentionally distribute one or more visual depictions, to wit: images produced from the live transmission of Minor Victim 5 engaged in sexually explicit conduct, and knowingly and intentionally attempt to do so, using one or more means and facilities of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

Violation Fourteen
(Receipt of Child Pornography – Minor Victim 5)

23.    On or about November 1, 2020, within the District of Colorado and elsewhere, RODRIGUEZ did knowingly and intentionally receive one or more visual depictions, to wit: images produced from the live transmission of Minor Victim 5 engaged in sexually explicit conduct, and knowingly and intentionally attempt to do so, using a means and facility of

13

interstate and foreign commerce, and which visual depictions had been mailed, and had been

shipped and transported in and affecting interstate and foreign commerce, and which contained

materials which had been mailed and so shipped and transported, by any means, including by

computer, the production of such visual depictions having involved the use of one or more

minors engaging in sexually explicit conduct, and such visual depictions having been of such

conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

<u>Violation Fifteen</u>
(Distribution of Child Pornography – Minor Victim 5)

24.     On or about November 4, 2020, within the Eastern District of New York

and elsewhere, BERMUDEZ, DOSCH, RODRIGUEZ, and VALDEZ, together with others, did

knowingly distribute one or more visual depictions, to wit: a compilation of images produced

from the November 1, 2020 live transmission of Minor Victim 5 engaged in sexually explicit

conduct and other images of Minor Victim 5 engaged in sexually explicit conduct, and

knowingly and intentionally attempt to do so, using one or more means and facilities of interstate

and foreign commerce, and which visual depictions had been mailed, and had been shipped and

transported in and affecting interstate and foreign commerce, and which contained materials

which had been mailed and so shipped and transported, by any means, including by computer,

the production of such visual depictions having involved the use of one or more minors engaging

in sexually explicit conduct, and such visual depictions having been of such conduct, in violation

of Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 2.

<u>Violation Sixteen</u>
(Sexual Exploitation – Minor Victim 6)

25.     On or about November 16, 2020, within the Southern District of

California, VALDEZ, together with others, employed, used, persuaded, induced, enticed, and

coerced a minor, to wit: Minor Victim 6, an individual whose identity is known to the Grand

14

Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2.

Violation Seventeen<br>(Access with Intent to View Child Pornography – Minor Victim 6)

26.    On or about November 16, 2020, within the Southern District of California and elsewhere, VALDEZ, together with others, did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: the live transmission of Minor Victim 6 engaged in sexually explicit conduct, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2.

(Title 18, United States Code, Sections 2252A(g) and 3551 et seq.)

## COUNT TWO
### (Conspiracy to Sexually Exploit Children)

27.    The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

28.    In or about and between January 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," DAVID BRILHANTE, also known as "Knight" and "CS:GO," ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," RUMALDO VALDEZ, also known as "Duck," and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ together with others, did knowingly and intentionally conspire to employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, including live transmissions of Minor Victim 1 engaged in sexually explicit conduct from on or about January 1, 2020; Minor Victim 2 engaged in sexually explicit conduct from on or about and between January 28, 2020 and January 30, 2020; Minor Victim 3 engaged in sexually explicit conduct from on or about September 6, 2020; Minor Victim 4 engaged in sexually explicit conduct from on or about and between October 23, 2020 and December 2, 2020; Minor Victim 5 engaged in sexually explicit conduct from on or about November 1, 2020; and Minor Victim 6 engaged in sexually explicit conduct from on or about November 16, 2020, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting

16

interstate and foreign commerce by any means, including by computer, and which visual

depictions were actually transported and transmitted using a means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

### COUNT THREE
(Conspiracy to Receive and Distribute Child Pornography)

29.     The allegations contained in paragraphs one through seven are realleged

and incorporated as if fully set forth in this paragraph.

30.     In or about and between January 2020 and January 2021, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," DAVID

BRILHANTE, also known as "Knight" and "CS:GO," ZACHARY DOSCH, also known as

"Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater,"

RUMALDO VALDEZ, also known as "Duck," and ███████████████████

███████ together with others, did knowingly and intentionally conspire to receive and distribute

one or more visual depictions, including the live transmission of Minor Victim 1 transmitted and

distributed on or about January 1, 2020; the live transmission of Minor Victim 2 transmitted

from on or about and between January 28, 2020 and January 30, 2020, and images produced

from such live transmissions distributed from on or about and between January 28, 2020 and

January 2, 2021; images produced from the live transmission of Minor Victim 4 transmitted and

distributed from on or about and between October 23, 2020 and December 2, 2020; and images

produced from the live transmission of Minor Victim 5 transmitted, distributed, and received

from on or about and between November 1, 2020 and November 4, 2020, using one or more

means and facilities of interstate and foreign commerce, and which visual depictions had been

17

mailed, and had been shipped and transported in and affecting interstate and foreign commerce,

and which contained materials which had been mailed and so shipped and transported, by any

means, including by computer, the production of such visual depictions having involved the use

of one or more minors engaging in sexually explicit conduct, and such visual depictions having

been of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

## COUNT FOUR
(Access with Intent to View Child Pornography – Minor Victim 2)

31.    The allegations contained in paragraphs one through seven are realleged

and incorporated as if fully set forth in this paragraph.

32.    On or about and between January 28, 2020 and January 2, 2021, both

dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo,"

CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," RUMALDO VALDEZ,

also known as "Duck," and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others,

did knowingly and intentionally access with intent to view matter which contained one or more

visual depictions, to wit: the live transmission of Minor Victim 2 engaged in sexually explicit

conduct and images produced from such live transmissions, that had been mailed, and had been

shipped and transported using one or more means and facilities of interstate and foreign

commerce and in and affecting interstate and foreign commerce, and which were produced using

materials which had been mailed and so shipped and transported, by any means, including by

computer, the production of such visual depictions having involved the use of one or more

18

minors, to wit: Minor Victim 2, engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

        (Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2), 2 and 3551 et seq.)

### COUNT FIVE
(Sexual Exploitation – Minor Victim 3)

      33.    The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

      34.    On or about September 6, 2020, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," ZACHARY DOSCH, also known as "Moist Nigerian," RUMALDO VALDEZ, also known as "Duck," and ███████████████████████ together with others, employed, used, persuaded, induced, enticed, and coerced a minor, to wit: Minor Victim 3, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

        (Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

COUNT SIX
(Access with Intent to View Child Pornography – Minor Victim 3)

35.    The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

36.    On or about September 6, 2020, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," ZACHARY DOSCH, also known as "Moist Nigerian," RUMALDO VALDEZ, also known as "Duck," and ███████████████████████ together with others, did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: the live transmission of Minor Victim 3 engaged in sexually explicit conduct, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors, to wit: Minor Victim 3, engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2), 2 and 3551 et seq.)

COUNT SEVEN
(Sexual Exploitation – Minor Victim 4)

37.    The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

38.    On or about and between October 23, 2020 and December 2, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo,"

ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," RUMALDO VALDEZ, also known as "Duck," and ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ together with others, employed, used, persuaded, induced, enticed and coerced a minor, to wit: Minor Victim 4, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT EIGHT
(Access with Intent to View Child Pornography – Minor Victim 4)

39.     The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

40.     On or about and between October 23, 2020 and December 2, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," RUMALDO VALDEZ, also known as "Duck," and ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally

21

access with intent to view matter which contained one or more visual depictions, to wit: the live

transmission of Minor Victim 4 engaged in sexually explicit conduct, that had been mailed, and

had been shipped and transported using one or more means and facilities of interstate and foreign

commerce and in and affecting interstate and foreign commerce, and which were produced using

materials which had been mailed and so shipped and transported, by any means, including by

computer, the production of such visual depictions having involved the use of one or more

minors, to wit: Minor Victim 4, engaging in sexually explicit conduct, and such visual depictions

having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2), 2 and 3551 et

seq.)

COUNT NINE
(Distribution of Child Pornography – Minor Victim 5)

41.    The allegations contained in paragraphs one through seven are realleged

and incorporated as if fully set forth in this paragraph.

42.    On or about November 4, 2020, within the Eastern District of New York

and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and

"Diablo," ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also

known as "oHare" and "carroteater," and RUMALDO VALDEZ, also known as "Duck,"

together with others, did knowingly distribute one or more visual depictions, to wit: a

compilation of images produced from the November 1, 2020 live transmission of Minor Victim 5

engaged in sexually explicit conduct and other images of Minor Victim 5 engaged in sexually

explicit conduct, and knowingly and intentionally attempt to do so, using one or more means and

facilities of interstate and foreign commerce, and which visual depictions had been mailed, and

had been shipped and transported in and affecting interstate and foreign commerce, and which

contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors, to wit: Minor Victim 5, engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1), 2 and 3551 et seq.).

COUNT TEN
(Conspiracy to Communicate Interstate Threats)

43. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

44. On or about and between January 6, 2021 and January 12, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HECTOR BERMUDEZ, also known as "Fiasco," "Rogue," and "Diablo," ZACHARY DOSCH, also known as "Moist Nigerian," CAMDEN RODRIGUEZ, also known as "oHare" and "carroteater," and RUMALDO VALDEZ, together with others, did knowingly and willfully conspire to transmit in interstate and foreign commerce one or more communications containing one or more threats to (a) injure the property and reputation of the addressee and of another, and (b) accuse the addressee and another of a crime, with intent to extort from a person money and other things of value, contrary to Title 18, United States Code, Section 875(d).

45. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants BERMUDEZ, DOSCH, RODRIGUEZ and VALDEZ, together with others, did commit and cause the commission of, among others, the following:

23

<u>OVERT ACTS</u>

a.    On or about January 6, 2021, DOSCH, RODRIGUEZ, and VALDEZ communicated threats through an online messaging platform to an addressee, to wit: Adult Victim 7, an individual whose identity is known to the Grand Jury, to publicly accuse Adult Victim 7 of being a pedophile unless Adult Victim 7 engaged in a variety of degrading acts on a live video call;

b.    On or about January 12, 2021, BERMUDEZ, DOSCH, RODRIGUEZ, and VALDEZ communicated threats through an online messaging platform to one or more addressees, to wit: Minor Victim 8 and Minor Victim 9, individuals whose identities are known to the Grand Jury, to injure Minor Victim 8's property and reputation and publicly accuse Minor Victim 8 of a crime, and to injure Minor Victim 9's reputation, unless Minor Victim 8 and Minor Victim 9 engaged in degrading acts on a live video call and through a social media messaging application;

c.    On or about January 12, 2021, DOSCH, RODRIGUEZ, and VALDEZ, together with others, communicated threats through an online messaging platform to an addressee, to wit: Minor Victim 10, an individual whose identity is known to the Grand Jury, to injure Minor Victim 10's property, unless Minor Victim 10 engaged in degrading acts on a live video call.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

CRIMINAL FORFEITURE ALLEGATION
<u>AS TO COUNTS ONE THROUGH NINE</u>

46.    The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the

24

forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or

2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or

other matter which contains any such visual depiction, which was produced, transported, mailed,

shipped or received in violation of such sections; (b) any property, real or personal, constituting,

or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property,

real or personal, used or intended to be used to commit or to promote the commission of such

offenses or any property traceable to such property, including but not limited to:

    (a)    one SanDisk portable solid state drive bearing serial number 2204GH400339, seized by law enforcement on or about May 31, 2024, in Wahiawa, Hawaii;

    (b)    one iBUYPOWER desktop-computer tower bearing serial number D882-SA4F-4CA9-EE8B-17, seized by law enforcement on or about May 31, 2024, in Wahiawa, Hawaii;

    (c)    one Maxtor solid state drive within the computer tower bearing serial number 7PY02D2G, seized by law enforcement on or about May 31, 2024, in Wahiawa, Hawaii;

    (d)    one Seagate hard drive within the computer tower bearing serial number ZN1CSHB9, seized by law enforcement on or about May 31, 2024, in Wahiawa, Hawaii;

    (e)    one Western Digital solid state drive within the computer tower bearing serial number 2039BF801758, seized by law enforcement on or about May 31, 2024, in Wahiawa, Hawaii;

    (f)    one Western Digital My Passport external USB2 drive, Model WDBS4B0020BBK-OB, bearing serial number WXW1EB77096V, seized by law enforcement on or about June 17, 2021, in Albuquerque, New Mexico; and

    (g)    one Western Digital hard drive, Model WD2003FZEX, bearing serial number WCC1P0261334, seized by law enforcement on or about June 17, 2021, in Albuquerque, New Mexico.

    47.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TEN

48.    The United States hereby gives notice to the defendants charged in Count Ten that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

49.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

26

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))


A TRUE BILL

_Jean Mattaiq_
FOREPERSON

_By David Pitluck, Assistant U.S. Attorney_
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York       **25mj4991**

| United States of America | ) | |
| v. | ) | Case No.  25-CR-361 |
| ZACHARY DOSCH, | ) | |
| also known as "Moist Nigerian" | ) | Judge Pamela K. Chen |
| | ) | Magistrate Judge Seth D. Eichenholtz |
| *Defendant* | ) | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    ZACHARY DOSCH, also known as "Moist Nigerian" _____ ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 2251 (sexual exploitation of children), 2252 (material involving sexual exploitation of minors), 2252A (certain activities relating to material constituting or containing child pornography), 2261A (cyberstalking), 2422 (coercion and enticement of a minor), 875, (interstate threats and extortion), and 371 (conspiracy)

Date:    11/18/2025

*James Boyd* on behalf of
*Issuing officer's signature*

City and state:    Brooklyn, New York

**Brenna B. Mahoney, Clerk of Court**
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 11-18-2025 , and the person was arrested on *(date)* 12-02-2025 at *(city and state)* ALBUQUERQUE, NM . |
| Date: 12-02-2025 _____ *Arresting officer's signature* |
| DANIEL FONDSE ISA *Printed name and title* |